IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| William T. Coleman, # 287408, | ) | C/A No.: 3:12-1928-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| The Northstar Group; Jessica Bennett, and Unknown Northstar Group Defendants, | ) | |
| Defendants. | ) | |

William T. Coleman ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Kirkland Correctional Institution ("KCI") in the custody of the South Carolina Department of Corrections ("SCDC"). He brings this action against a magazine publishing company and a contributor of an article to the magazine, alleging violations of 42 U.S.C. § 1983[1] and asserting a state-law based claim for defamation of character. [Entry 1-2 at 3]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731–32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

I.      Factual and Procedural Background

Plaintiff is serving a three-year sentence entered in York County on a conviction for possession of a weapon. SCDC, *Inmate Locator*, https://sword.doc.state.sc.us/scdc-public/ (last consulted October 30, 2012). Plaintiff seeks to sue the publisher of *The Source* magazine and the writer of an article about "new school southern rappers" published in the magazine's August 2009 edition for allegedly violating his First and Eighth Amendment rights and for defamation. [Entry #1-2 at 3].

Plaintiff alleges that when he tried to sell one of his rap albums to inmates and others at KCI in June 2012, a fellow inmate showed him defendant Bennett's 2009 article. [Entry #1-2 at 4]. He alleges that he is a "new school artist," and that the article contained "defaming things" like a quote from a member of the rap group Wu Tang Clan, "Raekwon the Chef," in which Raekwon says that "new school dudes don't have substance." *Id*. at 4. Plaintiff does not allege that the article named him personally. Plaintiff appears to be claiming that Bennett's article violates his First and Eighth Amendment rights and defames him because the article's expressions about "new school artists" hinders him in his efforts to sell his album to others at the prison. *See generally* [Entry #1-2].

Plaintiff requests that the court order defendants to interview him and pay him $30,000 for a cover story about his life and music and to direct that all SCDC prisoners, county jail detainees, and all North Carolina prisoners and detainees receive advance

notice of the cover story and have an opportunity to order that edition of *The Source*. *Id*. at 6.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

3

should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendants deprived him of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). Because the United States Constitution regulates only the government, and not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983. *See Lugar*, 457 U.S. at 936; *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Thus, Plaintiff has not stated a viable § 1983 claim and the undersigned recommends his assertions of First and Eighth Amendment violations be summarily dismissed.

With regard to Plaintiff's defamation claim arising from *The Source* magazine article, the court does have subject matter jurisdiction over this claim. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). It appears the parties are diverse because Plaintiff's proposed service documents list New York addresses for both Defendants and Plaintiff appears to be a South Carolina resident, although Plaintiff has not specifically alleged the same. However, the amount in controversy appears to be $30,000, which does not meet the statute's requirement. 28 U.S.C. § 1332(a). Additionally, Plaintiff's defamation claim does not arise under the laws of the United States or the United States Constitution pursuant to 28 U.S.C. § 1331. Therefore, because it does not appear that the court has subject matter jurisdiction over Plaintiff's defamation claim, the undersigned recommends it be dismissed.[2]

---

[2] The undersigned notes that if it had subject matter jurisdiction, Plaintiff's claim would nevertheless be subject to summary dismissal because South Carolina law requires a party claiming defamation to show that the allegedly defamatory statement made by the defendants was actually a statement made about the plaintiff. *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 514 S.E.2d 126, 133 (S.C. 1999). When statements are made as to an aggregate group of people, an individual member of that group cannot maintain a defamation action. *Burns v. Gardner*, 493 S.E.2d 356, 360 (S.C. Ct. App.1997); *see also Hospital Care Corp. v. Commercial Cas. Ins. Co.*, 9 S.E.2d 796, 803-04 (1940). As the South Carolina Supreme Court stated in *Neeley v. Winn-Dixie Greenville, Inc.*, 178 S.E.2d 662, 665 (S.C. 1971), "[w]e regard it as elementary that it is incumbent upon a complaining party, in an action for libel, to prove that he is the person with reference to whom the defamatory matter was written." *See Kendrick v. Citizens & Southern Nat'l Bank*, 223 S.E.2d 866, 868 (S.C. 1976) (the person receiving an allegedly defamatory statement about another must be able to understand that the statement was, in fact, about the person allegedly defamed).

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 30, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).